

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-79,196-01

## EX PARTE ROBERT ALAN HARLESTON, JR., Applicant

## ON APPLICATION FOR WRIT OF HABEAS CORPUS
## IN CAUSE NO. 1205091-A IN THE 176TH DISTRICT COURT
## HARRIS COUNTY

**PRICE, J., filed a concurring opinion in which JOHNSON, J., joined.**

## CONCURRING OPINION

I disagree with the Court's assertion that the convicting court's recommended findings with respect to the credibility of the victim's recantations "are not supported by the record[.]"[1] I cannot say that the record is absolutely devoid of any rational basis to accept the convicting court's findings that the complaining witness's various recantations are more credible than her recantations-of-her-recantations. But I nevertheless agree that we need not

---

[1] Majority Opinion at 2.

accept the convicting court's recommended findings of fact in this post-conviction application for writ of habeas corpus. Moreover, even if I thought we were bound to accept the trial court's findings of fact, I do not regard them as dispositive of the question of whether that applicant should obtain relief on a claim of actual innocence under *Ex parte Elizondo*.[2]

## I.

I write separately, first of all, to reiterate my long-held position that, as the court of return in such cases, we are not bound (as we would be in our capacity as an appellate court) by the convicting court's findings of fact. In the particular context of post-conviction applications for writ of habeas corpus, the convicting court is the "original" fact-finder (if only because this Court has no institutional capacity for factual development), and we will ordinarily defer to that court's findings of fact when they are supported by the record.[3] But that deference is not boundless, and, as the Court aptly acknowledges today, we do not simply "rubber stamp" the convicting court's recommended findings.[4] Because we are the

---

[2]    947 S.W.2d 202 (Tex. Crim. App. 1996).

[3]    *E.g.*, *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

[4]    Majority Opinion at 6.

court of return in felony post-conviction habeas corpus proceedings,[5] we are the "ultimate" fact-finder, with the prerogative to reject the convicting court's recommendations—even if they *are* supported by the record—if we think another disposition is manifestly *better* supported by the record.[6]

It seems quite evident to me that, even on the cold record before us, as developed at

---

[5]

*See* TEX. CODE CRIM. PROC. art. 11.07, § 3(a). As I observed in *Reed*:

> Articles 11.07 and 11.071 of the Texas Code of Criminal Procedure make post-conviction applications for writ of habeas corpus in felony (including capital) cases, though filed in the convicting court, returnable to this Court. Because this Court lacks the capacity to develop live testimony, it is a matter of convenience only that such writs are filed in the convicting court in the first instance; original jurisdiction to resolve the matter lies with this Court. The convicting court's statutorily contemplated findings of fact are no more than well-informed recommendations. And though there is rarely any good reason not to follow them when they are supported by the evidence adduced in the convicting court, there is no absolute requirement that we follow them, *even if supported by the evidence*, when the evidence also supports a different finding that we have reason to deem more justified by credible or reliable evidence, even on a cold record.
>
> I am not suggesting that it would be a good idea to reject record-supported recommendations from the trial court on a regular basis (or even very often). And we plainly do not. But it is a mistake to believe that we are prohibited from doing so even in the rare case. To deny our authority as a court of original jurisdiction is to relegate our status to that of a reviewing court. That would be an abdication of our constitutionally and statutorily assigned authority and responsibility that I could not possibly condone.

*Reed*, 271 S.W.3d at 754-55 (Price, J., concurring) (footnotes and citations omitted).

[6]

*Ex parte Butler*, 416 S.W.3d 863, 879 n.6 (Tex. Crim. App. 2012) (Price, J., dissenting); *Ex parte Spencer*, 337 S.W.3d 869, 880 n.1 (Tex. Crim. App. 2011) (Price, J., concurring); *Ex parte Robbins*, 360 S.W.3d 446, 467 n.14 (Tex. Crim. App. 2011) (Price, J., concurring); *Reed*, 271 S.W.3d at 754-55 (Price, J., concurring).

length in the Court's opinion today, there are compelling reasons to doubt the credibility of the complaining witness's recantations in this case. Therefore, while I cannot agree with the Court's assertion that the convicting court's recommended findings with respect to the credibility of the victim's recantations find no support in the record,[7] I do believe that, on balance, the record before us presents a far more compelling case for rejecting the complaining witness's recantations than for crediting them. Because I think it is within the Court's prerogative as the court of return to reject the convicting court's recommended findings that the victim's recantations are credible, and because I agree that they are *not* credible, I would simply reject them.

## II.

I write further to make a second—and more fundamental—point. At least as pertains to claims of actual innocence brought in post-conviction proceedings under *Elizondo*, it does not ultimately matter whether the convicting court or even this Court happens to believe the complaining witness's recantations. That is not to say that the convicting court's determination (as "original" fact-finder) and this Court's determination (as "ultimate" fact-finder) with respect to the credibility of the complaining witness's recantations are not *relevant* to the disposition of the applicant's actual innocence claim. But whether this Court (or any other court) finds her recantations credible or incredible does not, *by itself*, dispose

---

[7] Majority Opinion at 2.

of the claim. Why? Because, ultimately, the *Elizondo* standard does not ask whether this Court finds the new evidence of innocence to be credible, reliable, or true.

Instead, we are called upon to make a judgment with respect to what a reasonable *juror* would have believed about the credibility or reliability or truth of the newly discovered evidence. What the applicant must show this Court, by clear and convincing evidence, is that his new evidence so convincingly establishes his innocence "that no reasonable juror would have convicted him" had it been able to add the new evidence to the mix of evidence it heard at the applicant's trial.[8] Although the convicting court, in its recommended findings of fact and conclusions of law, initially recognized this as the appropriate standard,[9] it is not the standard that the convicting court actually applied. The convicting court inquired only whether *it* believed, by clear and convincing evidence, that the witness's various recantations were more credible than her recantations-of-her-recantations; it never asked itself whether it was *also* persuaded, by clear and convincing evidence, that no reasonable juror would

---

[8] "[T]hat is to say, the reviewing court must be able to conclude, after factoring the new, exculpatory evidence in with the inculpatory evidence introduced at trial, that the applicant has shown 'by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence.'" *Spencer*, 337 S.W.3d at 881 (Price, J., concurring) (quoting *Elizondo*, 947 S.W.2d at 209).

[9] *See* Majority Opinion at 8 (quoting convicting court's findings of fact and conclusions of law).

choose to disbelieve the recantations.[10]  Given the facts of this case as developed by the habeas record and set out in the Court's opinion today, even if I shared the convicting court's belief that the various recantations were true (which I do not), I would be unable to infer from that belief that no reasonable juror, having heard both the evidence presented at trial and the evidence developed at the post-conviction writ hearing, would fail to find the recantations to be true and therefore convict the applicant.

"Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."[11]  Here, the allegation sought to be established is not that the complaining witness's recantations should be considered credible in the abstract. Rather, it is that no reasonable juror would have convicted the applicant had it heard, in addition to the complaining witness's inculpatory trial testimony, her present recantations. Those recantations must be so convincing and compelling that they produce in our minds the firm belief or conviction that no reasonable juror, having heard the recantations, would have relied upon the complaining witness's trial testimony to convict.  Given the circumstances of this case as set out in the Court's opinion today—particularly that portion of the complaining witness's initial testimony at the writ hearing that firmly recanted the

[10]

*Id*. at 8-13.

[11]

*State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979).

recantations in her affidavit and deposition, as well as the strong insinuation that she had disowned her trial testimony simply to appease her "mother"—the complaining witness's recantations do not serve to produce a firm belief or conviction in *my* mind that *no reasonable juror* would have convicted the applicant.

That being the case, regardless of whether the record actually supports the convicting court's belief in the credibility of the complaining witness's recantations (in my view, it does), and even assuming that we were to pay that belief the deference we ordinarily (if not invariably) afford to a convicting court's recommended findings of fact in post-conviction habeas corpus proceedings—indeed, even if I personally believed (which I do not) the complaining witness's recantations to be genuine notwithstanding her recantations-of-her-recantations—I would still have to agree with the Court's ultimate conclusion that the applicant is not entitled to relief under *Elizondo*.

For these reasons, I concur in the Court's judgment but do not join the Court's opinion.


FILED:      May 14, 2014
PUBLISH